UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X     2:07-cv-02661 (NGG) (ETB)
DAVID ALLEN and ASHLEE ALLEN, Individually and as
Guardians ad Litem for XAVIER ALLEN, an infant,

                                    Plaintiffs,

      -against-

ROBERT'S AMERICAN GOURMET FOOD, INC., a
domestic corporation,

                                    Defendant.
-----------------------------------------------------------------------X     **THIRD-PARTY
ROBERT'S AMERICAN GOURMET FOOD, INC.,**     **COMPLAINT**

                      Third-Party Plaintiff,

      -against-

VAN DE VRIES SPICE CORPORATION, individually and
as successor in interest, ATLANTIC QUALITY SPICE &
SEASONINGS, a division of Van de Vries Trading Corp.,
VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality
Spice & Seasonings, ATLANTIC QUALITY SPICE &
SEASONINGS, a division of Van de Vries Food Corp.,
VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice
& Seasonings, and WORLD SPICE INC.,

                   Third-Party Defendants.
-----------------------------------------------------------------------X

       Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant and Third-Party

Plaintiff, ROBERT'S AMERICAN GOURMET FOOD, INC. ("Robert's"), by its attorneys,

Cozen O'Connor, herewith asserts this Third-Party Complaint against Third-Party Defendants,

VAN DE VRIES SPICE CORPORATION, individually and as successor in interest,

ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp.,

VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings, ATLANTIC

QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp., VAN DE VRIES

Dockets.Justia.com

FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings, and WORLD SPICE INC. ("Third-Party Defendants"), alleging in support thereof as follows:

1.      This civil action was commenced by Plaintiffs, DAVID ALLEN and ASHLEE ALLEN, Individually and as *Guardians ad Litem* for XAVIER ALLEN, an infant, as set forth in their Complaint, a copy of which is attached as Exhibit "A."

2.      This is a third-party action predicated upon claims of damages alleged in the complaint for fault and/or liability as against Robert's, including but not limited to fault and/or liability based upon theories of strict liability, breach of warranty, negligence, and negligence *per se*.

### Parties

3.      That at all times hereinafter mentioned, first-party plaintiffs DAVID ALLEN and ASHLEE ALLEN, Individually and as *Guardians ad Litem* for XAVIER ALLEN, an infant, ("Plaintiffs"), purport to be residents of the State of Indiana.

4.      That at all times hereinafter mentioned, defendant and third-party plaintiff ROBERT'S AMERICAN GOURMET FOOD, INC. ("Robert's"), is a corporation duly licensed and existing under the laws of New York, with a principal place of business in Sea Cliff, New York.

5.      That at all times hereinafter mentioned, third-party defendant, VAN DE VRIES SPICE CORPORATION, was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

6.      That Van de Vries is a successor in interest to third-party defendant, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp.

7.      That Van de Vries is a successor in interest to third-party defendant, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings.

8.  That Van de Vries is a successor in interest to third-party defendant, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp.

9.  That Van de Vries is a successor in interest to third-party defendant, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings.

10. That at all times hereinafter mentioned, third-party defendant, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp., was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

11. That at all times hereinafter mentioned, third-party defendant, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings, was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

12. That at all times hereinafter mentioned, third-party defendant, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp., was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

13. That at all times hereinafter mentioned, third-party defendant, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings, was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

14. That at all times hereinafter mentioned, third-party defendant, WORLD SPICE INC., ("World Spice"), was duly organized and existing under the laws of the State of New Jersey and/or duly authorized or licensed to do business in the State of New Jersey.

15.     That at all times hereinafter mentioned, VAN DE VRIES SPICE CORPORATION, was a domestic business corporation duly organized and existing under the laws of the State of New Jersey.

16.     That at all times hereinafter mentioned, VAN DE VRIES SPICE CORPORATION, transacted business in the State of New York.

17.     That VAN DE VRIES SPICE CORPORATION has a principal place of business at 200 Raritan Center Parkway, Edison, New Jersey 08837.

18.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp., was a domestic corporation duly organized and existing under the laws of the State of New Jersey.

19.     That at all time hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. was a foreign corporation duly organized and existing under the laws of the State of New Jersey.

20.     That at all time hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. was a partnership duly organized and existing under the laws of the State of New Jersey.

21.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. was a sole proprietorship duly organized and existing under the laws of the State of New Jersey.

22.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. was a professional corporation duly organized and existing under the laws of the State of Jersey.

23.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. transacted business in the State of New York.

24.     That ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp. has a principal place of business at 200 Raritan Center Parkway, Edison, New Jersey 08837.

25.     That at all times hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings was a domestic corporation duly organized and existing under the laws of the State of New Jersey.

26.     That at all time hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings was a foreign corporation duly organized and existing under the laws of the State of New Jersey.

27.     That at all time hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings was a partnership duly organized and existing under the laws of the State of New Jersey.

28.     That at all times hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings was a sole proprietorship duly organized and existing under the laws of the State of New Jersey.

29.     That at all times hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings was a professional corporation duly organized and existing under the laws of the State of Jersey.

30.     That at all times hereinafter mentioned, VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings transacted business in the State of New York.

31.     That VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings has a principal place of business at 200 Raritan Center Parkway, Edison, New Jersey 08837.

32.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. was a domestic corporation duly organized and existing under the laws of the State of New Jersey.

33.     That at all time hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. was a foreign corporation duly organized and existing under the laws of the State of New Jersey.

34.     That at all time hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. was a partnership duly organized and existing under the laws of the State of New Jersey.

35.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. was a sole proprietorship duly organized and existing under the laws of the State of New Jersey.

36.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. was a professional corporation duly organized and existing under the laws of the State of Jersey.

37.     That at all times hereinafter mentioned, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. transacted business in the State of New York.

38.     That ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp. has a principal place of business at 200 Raritan Center Parkway, Edison, New Jersey 08837.

39.     That at all times hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings was a domestic corporation duly organized and existing under the laws of the State of New Jersey.

40.     That at all time hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings was a foreign corporation duly organized and existing under the laws of the State of New Jersey.

41.     That at all time hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings was a partnership duly organized and existing under the laws of the State of New Jersey.

42.     That at all times hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings was a sole proprietorship duly organized and existing under the laws of the State of New Jersey.

43.     That at all times hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings was a professional corporation duly organized and existing under the laws of the State of Jersey.

44.     That at all times hereinafter mentioned, VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings transacted business in the State of New York.

45.     That VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings has a principal place of business at 200 Raritan Center Parkway, Edison, New Jersey 08837.

46.     That at all times hereinafter mentioned, World Spice, was a domestic business corporation duly organized and existing under the laws of the State of New Jersey.

47.     That at all times hereinafter mentioned, World Spice, transacted business in the State of New York.

48.     That World Spice has a principal place of business at 223-225 Highland Parkway, Roselle, New Jersey 07203.

### Jurisdiction

49.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as the instant action contains claims that are so related to the first-party action herein, within such original jurisdiction of this Court, that they form a part of the same case or controversy under Article III of the United States Constitution.

### First-Party Action

50.     On or about July 2, 2007, plaintiffs, filed a Complaint in the United States District Court for the Eastern District of New York against Robert's.

51.     Plaintiffs bring said first-party action to recover for personal injuries allegedly sustained from the consumption of "Veggie Booty."

52.     On or about August 27, 2007, Robert's served and filed its Answer to the first-party Complaint.  A copy of Robert's' Answer is annexed hereto as Exhibit "B."

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE THIRD-PARTY DEFENDANTS

53.     Robert's, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" of this Third-Party Complaint with the same force and effect as if more fully set forth at length herein.

54.     That in the event that plaintiffs were caused to sustain the damages alleged in the complaint through any fault and/or liability of third-party plaintiff, including but not limited to fault and/or liability based upon theories of strict liability, breach of warranty, negligence, and negligence *per se* other than that of plaintiffs, said damages were sustained due to the primary and active actions, inactions, fault, liability, strict liability, breach of warranty, negligence, and negligence *per se* of third-party defendants, and therefore Robert's is entitled to common-law

indemnification and/or contribution from third-party defendants for all or part of any sum that may be recovered by plaintiffs against Robert's along with attorneys' fees and expenses incurred in connection with the defense of plaintiffs' claims.

55.    That by reason of the foregoing, if plaintiffs recover any sum for personal injuries and damages allegedly sustained against Robert's, then Third-Party Defendants shall be liable to Robert's for all of said damages or for such proportion thereof as the court and/or trier of fact may determine to be the proportionate share of liability, between Robert's and Third-Party Defendants.

## Prayer for Relief

**WHEREFORE**, defendant/third-party plaintiff, ROBERT'S AMERICAN GOURMET, INC., on its cause of action, demands common law contribution and/or indemnification and judgment on the within Third-Party Complaint over and against third-party defendants, VAN DE VRIES SPICE CORPORATION, individually and as successor in interest, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp., VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp., VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings, and WORLD SPICE INC., for all or part of the verdict or judgment, if any, obtained herein against defendant/third-party plaintiff ROBERT'S AMERICAN GOURMET, INC. ROBERT'S AMERICAN GOURMET, INC., herewith demands entry of judgment accordingly, together with counsel fees and costs and all other relief deemed just by the Court in the premises.

Dated: New York, New York
      September 6, 2007

                                  COZEN O'CONNOR

                                       /s/

BY:     Richard Fama
         *Attorneys for Defendant and Third-Party Plaintiff, ROBERT'S AMERICAN GOURMET, INC.*
         45 Broadway Atrium, 16th Floor
         New York, New York 10006
         (212) 509-9400

TO:    VAN DE VRIES SPICE CORPORATION
        200 Raritan Center Parkway
        Edison, New Jersey 08837

        ATLANTIC QUALITY SPICE & SEASONINGS,
        a division of Van de Vries Trading Corp.
        200 Raritan Center Parkway
        Edison, New Jersey 08837

        VAN DE VRIES TRADING CORP.
        d/b/a Atlantic Quality Spice & Seasonings
        200 Raritan Center Parkway
        Edison, New Jersey 08837

        ATLANTIC QUALITY SPICE & SEASONINGS
        a division of Van de Vries Food  Corp.
        200 Raritan Center Parkway
        Edison, New Jersey 08837

        VAN DE VRIES FOOD CORP., d/b/a Atlantic
        Quality Spice & Seasonings, and WORLD SPICE INC.
        200 Raritan Center Parkway
        Edison, New Jersey 08837

        WORLD SPICE INC.
        223-225 Highland Parkway
        Roselle, New Jersey 07203

NEWYORK_DOWNTOWN\252592\1  209949.000

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E D
★   JUL 0 2 2007   ★

BROOKLYN OFFICE

DAVID ALLEN and ASHLEE ALLEN,
Individually and as Guardians ad Litem
for XAVIER ALLEN, an infant,

Plaintiffs,

v.

ROBERT'S AMERICAN GOURMET
FOOD, INC., a domestic corporation;

Defendant.

**CV 07** Case No. **2661**

COMPLAINT
& JURY DEMAND

GARAUFIS, J.

BOYLE, M.J.

COME NOW the plaintiffs DAVID ALLEN and ASHLEE ALLEN, individually and

as Guardians ad Litem, by and through their attorneys of record, MARLER CLARK, LLP, PS

and UNDERBERG & KESSLER LLP, and allege as follows:

### PARTIES

1.1     The plaintiffs, David Allen, Ashlee Allen, and Xavier Allen, are residents of

Valparaiso, Indiana. The plaintiffs are not residents of the state of New York.

1.2     David Allen and Ashlee Allen are the natural parents of the infant child Xavier

Allen ("Infant Plaintiff"), and are persons of suitable age and discretion to act as Guardians ad

Litem in this matter.

1.3     The defendant Robert's American Gourmet Foods, Inc, ("Robert's") is a

corporation organized and existing under the laws of the State of New York, with its principal

place of business in Sea Cliff, Nassau County,  New York, which resides in the Eastern

District of New York.

1

## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the defendant has certain minimum contacts with the State of New York such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

2.2     Venue in the United States District Court for the Eastern District of New York is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to the plaintiff's claims and causes of action occurred in this judicial district, and because the defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## GENERAL ALLEGATIONS

### Salmonella Infections

3.1     *Salmonella* is an enteric bacterium, which means that it lives in the intestinal tracts of humans and other animals. *Salmonella* bacteria are usually transmitted to humans by eating foods contaminated with human or animal feces. Contaminated foods usually look and smell normal. Contaminated foods are often of animal origin, such as beef, poultry, milk, or eggs, but all foods, including vegetables, may become contaminated. An infected food handler who neglects to wash his or her hands with soap and warm water after using the bathroom may also contaminate food.

3.2     Once in the lumen of the small intestine, the bacteria penetrate the epithelium, multiply, and enter the blood within 24 to 72 hours. As few as 15-20 cells of *Salmonella* bacteria can cause salmonellosis or a more serious typhoid-like fever. Variables such as the health and age of the host, and virulence differences among the serotypes, affect the nature

2

and extent of the illness. Infants, elderly, hospitalized, and immune suppressed persons are the populations that are the most susceptible to disease, and suffer the most severe symptoms.

3.3    The acute symptoms of *Salmonella* gastroenteritis include the sudden onset of nausea, abdominal cramping, and bloody diarrhea and mucous over a period of days. There is no real cure for *Salmonella* infection, except treatment of the symptoms. Persons with severe diarrhea may require rehydration, often with intravenous fluids.

3.4    Persons with diarrhea usually recover completely, although it may be several months before their bowel habits are entirely normal. A small number of persons who are infected with *Salmonella* will go on to develop pains in their joints, irritation of the eyes, and painful urination. This is called Reiter's syndrome and/or reactive arthritis. It can last for months or years, and can lead to chronic arthritis, which is difficult to treat. Antibiotic treatment does not make a difference in whether or not the person later develops arthritis.

### "Veggie Booty" Salmonella Recall

3.5    On June 28, 2007, the FDA announced the voluntary recall of a snack food "Veggie Booty" sold under the brand name Robert's Gourmet Foods, due to contamination with *Salmonella* Wandsworth. The FDA advised customers not to eat the product. The FDA reported 52 illnesses in 17 states associated with the recalled product.

3.6    Dried snack foods have previously been associated with Salmonella. In 1998, an outbreak of Salmonella involving 209 people in 11 states was linked to Malt-o-Meal.

### Xavier Allen's Injuries

3.7    The Allens purchased a bag of Robert's Veggie Booty during the week of May 20, 2007.    Xavier Allen consumed the product during the week of May 20, 2007.

3.8    Xavier Allen first showed signs of illness on May 23, 2007, including severe, bloody diarrhea.

3

3.9    Xavier Allen was treated in the emergency room on May 26, 2007. A stool sample was taken that later cultured positive for *Salmonella* Wandsworth.

3.10    Xavier Allen received additional medical treatment through multiple appointments on the subsequent days.

3.11    Xavier Allen remains symptomatic at this time, and under medical care for his Salmonella infection.

## CAUSES OF ACTION

### Strict Liability—Count I

4.1    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

4.2    At all times relevant hereto, the defendant was a manufacturer and seller of the adulterated food product that is the subject of the action.

4.3    The adulterated food product that the defendant manufactured, distributed, and/or sold was, at the time it left the defendant's control, defective and unreasonably dangerous for its ordinary and expected use because it contained *Salmonella*, a deadly pathogen.

4.4    The adulterated food product that the defendant manufactured, distributed, and/or sold was delivered to the plaintiffs without any change in its defective condition. The adulterated food product that the defendant manufactured, distributed, and/or sold was used in the manner expected and intended, and was consumed by the Infant Plaintiff.

4.5    The defendant owed a duty of care to the plaintiffs to design, manufacture, and/or sell food that was not adulterated, that was fit for human consumption, that was reasonably safe in construction, and that was free of pathogenic bacteria or other substances injurious to human health. The defendant breached this duty.

4

4.6    The defendant owed a duty of care to the plaintiffs to design, prepare, serve, and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable consumer. The defendant breached this duty.

4.7    As a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendant manufactured, distributed, and/or sold, plaintiffs suffered injury and damages in an amount to be determined at trial, expected to be in excess of $75,000.00.

### Breach of Warranty—Count II

4.8    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

4.9    The defendant is liable to the plaintiff for breaching express and implied warranties that it made regarding the adulterated product that the Allens purchased. These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use. Specifically, the defendant expressly warranted, through its sale of food to the public and by the statements and conduct of its employees and agents, that the food it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

4.10    Plaintiffs allege that the *Salmonella*-contaminated food that the defendant sold to plaintiffs would not pass without exception in the trade and was therefore in breach of the implied warranty of merchantability.

4.11    Plaintiffs allege that the *Salmonella*-contaminated food that the defendant sold to plaintiffs was not fit for the uses and purposes intended, *i.e.* human consumption, and that this product was therefore in breach of the implied warranty of fitness for its intended use.

4.12    As a direct and proximate cause of the defendant's breach of warranties, as set

5

forth above, the plaintiff sustained injuries and damages in an amount to be determined at trial, expected to be in excess of $75,000.00.

## Negligence—Count III

4.13    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

4.14    The defendant owed to the plaintiffs a duty to use reasonable care in the manufacture, distribution, and sale of their food product, which duty would have prevented or eliminated the risk that the defendant's food products would become contaminated with *Salmonella* or any other dangerous pathogen. The defendant breached this duty.

4.15    The defendant had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its food product, but failed to do so, and was therefore negligent. The plaintiffs are among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provisions pertaining to the manufacture, distribution, storage, and sale of similar food products.

4.16    The defendant had a duty to properly supervise, train, and monitor its employees, and to ensure its employees' compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of similar food products, but the defendant failed to do so and was therefore negligent.

4.17    The defendant had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption, but the defendant failed to do so and was therefore negligent.

6

4.18   As a direct and proximate result of the defendant's acts and omissions of negligence, the plaintiffs sustained injuries and damages in an amount to be determined at trial, expected to be in excess of $75,000.00.

### Negligence Per Se—Count IV

4.19   Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

4.20   The defendant had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its food product, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 *et seq.*).

4.21   The defendant failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent *per se* in its manufacture, distribution, and sale of food adulterated with *Salmonella*, a deadly pathogen.

4.18   As a direct and proximate result of conduct by the defendant that was negligent *per se*, the plaintiffs sustained injury and damages in an amount to be determined at trial, expected to be in excess of $75,000.00.

### DAMAGES

5.1   The plaintiffs have suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the defendant, in an amount that shall be fully proven at the time of trial.  These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress, past and future; pharmaceutical

expenses, past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

## JURY DEMAND

6.1    The plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray for judgment against the defendant as follows:

A.    Ordering compensation for all general, special, incidental, and consequential damages suffered by the plaintiffs as a result of the defendant's conduct;

B.    Awarding plaintiffs their reasonable attorneys fees and costs, to the fullest extent allowed by law; and

C.    Granting all such additional and/or further relief as this Court deems just and equitable.

DATED: July 2, 2007.                    **MARLER CLARK, LLP, PS**

William D. Marler, Esq. WSBA #17233
Attorneys for Plaintiffs
6600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
Telephone: (206) 346-1888
Attorneys for Plaintiff

**UNDERBERG & KESSLER LLP**

Paul V. Nunes, Esq. PN2853
Attorneys for Plaintiffs (co-counsel)
300 Bausch & Lomb Place
Rochester, New York 14604
(585) 258-2800

8

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DAVID ALLEN and ASHLEE ALLEN,
Individually and as Guardians ad Litem          CV 07 2661
For XAVIER ALLEN, an infant,

              Plaintiffs,                           ANSWER

      v.                                          TRIAL BY JURY
                                                DEMANDED
ROBERT'S AMERICAN GOURMET
FOOD, INC., a domestic corporation,

             Defendant.

---

PLEASE TAKE NOTICE, that defendant ROBERT'S AMERICAN GOURMET FOOD,

INC., by and through its attorneys, COZEN O'CONNOR hereby answers the plaintiffs'

complaint as follows:

      1.1     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1.1" of the Complaint.

      1.2     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1.2" of the Complaint.

      1.3     Defendant admits the allegations contained in paragraph "1.3" of the Complaint.

      2.1     Defendant denies the allegations contained in paragraph "2.1" of the Complaint.

      2.2     Defendant denies the allegations contained in paragraph "2.2" of the Complaint.

      3.1     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "3.1" of the Complaint.

3.2     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.2" of the Complaint.

3.3     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.3" of the Complaint.

3.4     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.4" of the Complaint.

3.5     Defendant denies the allegations contained in paragraph "3.5" of the Complaint.

3.6     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.6" of the Complaint.

3.7     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.7" of the Complaint.

3.8     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.8" of the Complaint.

3.9     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.9" of the Complaint.

3.10    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.10" of the Complaint.

3.11    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.11" of the Complaint.

4.1    Defendant repeats and reiterates each and every response to paragraphs "1.1" through "3.11" of the Complaint as if set forth more fully at length herein.

4.2    Defendant denies the allegations contained in paragraph "4.2" of the Complaint.

4.3    Defendant denies the allegations contained in paragraph "4.3" of the Complaint.

4.4    Defendant denies the allegations contained in paragraph "4.4" of the Complaint.

4.5    Defendant denies the allegations contained in paragraph "4.5" of the Complaint.

4.6    Defendant denies the allegations contained in paragraph "4.6" of the Complaint.

4.7    Defendant denies the allegations contained in paragraph "4.7" of the Complaint.

4.8    Defendant repeats and reiterates each and every response to paragraphs "1.1" through "4.7" of the Complaint as if set forth more fully at length herein.

4.9    Defendant denies the allegations contained in paragraph "4.9" of the Complaint.

4.10    Defendant denies the allegations contained in paragraph "4.10" of the Complaint.

4.11    Defendant denies the allegations contained in paragraph "4.11" of the Complaint.

4.12    Defendant denies the allegations contained in paragraph "4.12" of the Complaint.

4.13    Defendant repeats and reiterates each and every response to paragraphs "1.1" through "4.12" of the Complaint as if set forth more fully at length herein.

4.14    Defendant denies the allegations contained in paragraph "4.14" of the Complaint.

4.15    Defendant denies the allegations contained in paragraph "4.15" of the Complaint.

4.16    Defendant denies the allegations contained in paragraph "4.16" of the Complaint.

4.17    Defendant denies the allegations contained in paragraph "4.17" of the Complaint.

4.18    Defendant denies the allegations contained in paragraph "4.18" of the Complaint.

4.19    Defendant repeats and reiterates each and every response to paragraphs "1.1" through "4.18" of the Complaint as if set forth more fully at length herein.

4.20    Defendant denies the allegations contained in paragraph "4.20" of the Complaint.

4.21    Defendant denies the allegations contained in paragraph "4.21" of the Complaint.

4.22    Defendant denies the allegations contained in paragraph "4.22" of the Complaint.

5.1    Defendant denies the allegations contained in paragraph "5.1" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This action should not proceed in the absence of various entities who should be parties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If, in fact, plaintiffs sustained injuries or damages as alleged in the Verified Complaint, which damages and injuries are hereby expressly denied, said injuries and damages occurred as a result of the plaintiffs' own culpable conduct.

4

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If, in fact, plaintiffs sustained damages as alleged in the Verified Complaint, such damages were caused, in whole or in part, by the comparative negligence of the plaintiffs and such damages, which are hereby denied, should be diminished and reduced in the proportion to which the comparative negligence attributable to the plaintiffs bear upon the culpability, if any, of all parties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiffs did sustain any injuries as alleged in the Verified Complaint, which this defendant specifically denies, said injuries were proximately caused in whole or in part, or were contributed to by reason of the acts, wrongs, omissions, negligence, want of care, culpable conduct and/or product(s) of some other entity(ies), its (their) agent(s), servant(s) or employee(s), over whom this defendant had no control and for whose conduct and/or product(s) this defendant are/were not responsible or liable, and not because of any of this defendant's acts, wrongs, omissions, carelessness, negligence, want of care, or culpable conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That in the event that any judgment or verdict is rendered in favor of the plaintiffs, this answering defendant is entitled to have such judgment or verdict reduced by the amount of any collateral payments made to the plaintiffs for expenses and by the amount of all such payments plaintiffs will receive in the future.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery should be barred or reduced by virtue of the adult plaintiffs' having knowingly, voluntarily and unreasonably assumed the risk of physical injury to the infant-plaintiff by not seeking immediate and/or proper medical attention.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs did sustain any injuries as alleged **in** the Verified Complaint, which this defendant specifically denies, said injuries were directly and proximately caused by independent, intervening and/or superseding causes which this defendant could not have reasonably foreseen and for which this defendant is (was) not responsible or liable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At all times relevant herein, this defendant exercised reasonable care, acted in accordance with or exceeded all applicable Municipal, City, State and Federal statutory, regulatory and common law requirements, regulations, codes and standards.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

If this answering defendant is found to be liable, then its liability is 50% or less of the total liability of all persons liable and by reason thereof, this answering defendant's liability as to non-economic loss, if any, shall not exceed this defendant's equitable share thereof.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The injuries alleged in the plaintiffs' Verified Complaint were not caused by the negligence, carelessness and/or culpable conduct of this answering defendant, nor were the injuries proximately caused as a result of any acts or omissions of said defendant.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by the state of the art defense.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The incident, the injuries, and the damages complained of were caused by the unauthorized, unintended, improper and/or negligent use or abuse of the product and plaintiffs' failure to exercise reasonable and ordinary care, caution or vigilance.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendants made no warranties to plaintiffs.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent warranties apply, defendant breached no warranties.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent warranties apply, the incident and all injuries and damages complained of occurred after all applicable warranties expired.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The product complained of was designed and manufactured in compliance with all applicable design and manufacturing specifications.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs damages were the result of a preexisting condition and are unrelated to any conduct of defendants.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs received remuneration and/or compensation for some or all of the claimed economic loss and this answering defendant is entitled to have

plaintiffs' award, if any, reduced by the amount of that remuneration and/or compensation pursuant to §4545(c) of the C.P.L.R

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

If this answering defendant is found to be liable, the full protections of C.P.L.R. Article 14 regarding contribution are hereby invoked.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering defendant relies on and is entitled to all benefits and rights under Article 16 of the New York C.P.L.R.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are the result of idiosyncratic conditions and are unrelated to any conduct of this answering defendant.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' knowingly and voluntarily assumed all risks associated with the activities in which they were engaged.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' failed to mitigate their damages.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Honorable Court lacks personal jurisdiction over defendant.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable doctrines of Laches, unclean hands, waiver and estoppel.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, symptoms or problems, if any, are the result of genetic, environmental and/or sociological factors over which defendant had no control and had no duty to control.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

All defenses which have been or will be asserted by other future potential defendants and/or Third-Party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Verified Complaint. In addition, this answering defendant will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend this Answer for the purposes of asserting any such additional affirmative defenses.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because no privity exits between plaintiffs and defendant.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

The product was substantially altered, modified and/or changed, after it left the control of the defendants.

WHEREFORE, the defendant demands judgment dismissing the plaintiff's Verified

Complaint herein, together with fees, costs and disbursements in this action.

Dated:        New York, New York
              August 23, 2007

                              Respectfully submitted,

                              COZEN O'CONNOR


                              By: _____
                              Richard Fama (5358)
                              45 Broadway, 16th Floor
                              New York, New York 10006
                              (212) 509-9400
                              Attorneys for Defendant

TO:     William D. Marler, Esq.
        Marler Clark LLP PS
        Attorneys for Plaintiffs
        6600 Bank of America Tower
        701 Fifth Avenue
        Seattle WA 91804

        Paul V. Nunes, Esq.
        Underberg & Kesler, LLP
        Attorney for Plaintiffs
        300 Bausch & Lomb Place
        Rochester, NY 14604

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2007, a true and correct copy of the foregoing Answer has been sent via U.S. mail upon:

William D. Marler, Esq.
MARLER CLARK, LLP, PS
Attorneys for Plaintiffs
6600 Bank of America Tower
701 Fifth Avenue
Seattle, WA 98104
306.346.1888

Paul V. Nunes, Esq.
Underberg & Kesler, LLP
Attorney for Plaintiffs
300 Bausch & Lomb Place
Rochester, NY 14604

RICHARD FAMA (5358)

NEWYORK_DOWNTOWN\251686\1 099994.000