At an *Ex Parte* Term of the United States District Court at the Eastern District of New York, on the \_\_\_\_day of _____, 2009.

**PRESENT:   HONORABLE E. THOMAS BOYLE**_____
                          Justice of the United States District Court

| | |
|---|---|
| DAVID ALLEN and ASHLEE ALLEN, individually and as Guardians ad Litem for XAVIER ALLEN, an infant, et al.,<br><br>                              Plaintiffs,<br>      -against-<br><br>ROBERT'S AMERICAN GOURMET FOOD, INC., a domestic corporation,<br><br>                              Defendant.<br>_____<br><br>ROBERT'S AMERICAN GOURMET FOOD, INC.,<br><br>                              Third-Party Plaintiff,<br>      -against-<br><br>VAN DE VRIES SPICE CORPORATION, individually and as successor in interest, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Trading Corp., VAN DE VRIES TRADING CORP., d/b/a Atlantic Quality Spice & Seasonings, ATLANTIC QUALITY SPICE & SEASONINGS, a division of Van de Vries Food Corp., VAN DE VRIES FOOD CORP., d/b/a Atlantic Quality Spice & Seasonings, and WORLD SPICE, INC.,<br><br>                              Third-Party Defendants. | No. 2:07-cv-02661 (NGG) (ETB)<br><br><br><br>**ORDER APPROVING THE SETTLEMENT OF XAVIER ALLEN** |

WHEREAS, the parties have agreed to settle Plaintiffs' claims for personal physical injury for a structured settlement to be paid by World Spice and/or its insurer, The Hartford, consisting of future periodic payments, plus an up-front cash payment from the remaining

1

defendants. The total cost of the settlement to the defendants is Fifty-Six Thousand Seven Hundred Ninety Dollars and 00/100 ($56,790.00). The precise terms of the structured settlement will be set forth in detail in a properly drawn structured settlement agreement and release; and

WHEREAS, Plaintiffs seek this Court's approval of the settlement of the claims for personal physical injury pursuant the Local Rules of the United States District Courts for the Eastern District of New York, Section 83.2; and

WHEREAS, upon reading the motion of Marler Clark, L.L.P., P.S., and Underberg & Kessler LLP, Paul V. Nunes, Esq., Counsel, for the Plaintiffs, the Affidavit of Plaintiffs, David and Ashlee Allen, sworn to the 7th day of March, 2009, the Affirmation of Paul V. Nunes, Esq., dated April 14, 2009, and the exhibits accompanying these papers and it appearing that the best interests of the infant Xavier Allen ("Infant Plaintiff") will be served by this settlement, it is

ORDERED, that the above-captioned matter is settled for the sum of Fifty-Six Thousand Seven Hundred Ninety Dollars and 00/100 ($56,790.00) which represents the total cost to the defendants and/or their insurance carriers, including the cost of the structured settlement as provided for hereinafter, which the court has required the defendants to disclose, and the additional payments described below, and it is further

ORDERED, that the defendants and/or their insurance carriers are authorized and directed to pay to Medicaid the payment of One Thousand Five Hundred Six Dollars and 50/100 ($1,506.50) for reimbursement for payment of Xavier Allen's medical care and treatment; and it is further

ORDERED, that the defendants and/or their insurance carriers are authorized and directed to pay to David and Ashlee Allen the payment of Three Thousand Five Hundred Eighteen Dollars and 75/100 ($3,518.75) for reimbursement for out-of-pocket contributions to Xavier Allen's medical care and treatment, and for his immediate and future care; and it is further

ORDERED, that the defendants and/or their insurance carriers are authorized and directed to pay to Marler Clark, L.L.P., P.S. and Underberg & Kessler LLP, attorneys for the Infant Plaintiff, the sum of Fourteen Thousand Four Hundred Ninety-Nine Dollars and 63/100 ($14,499.63) representing Twelve Thousand Four Hundred Twenty-One Dollars and 70/100 ($12,421.70) for legal services rendered by Marler Clark and Underberg & Kessler, and Two Thousand Seventy-Seven Dollars and 93/100 ($2,077.93) for costs and expenses incurred by Marler Clark and Underberg & Kessler, and it is further

ORDERED, that the defendant World Spice, and/or its insurance carrier, The Hartford, shall fund the purchase of an annuity policy for the remaining balance of Thirty-Seven Thousand Two Hundred Sixty-Five Dollars and 12/100 ($37,265.12), whereby periodic payments shall be made to Infant Plaintiff in three payments as follows:

(A) $20,000.00 is payable on or before December 14, 2023;

(B) $30,000.00 is payable on or before December 14, 2026; and

(C) $42,367.93 is payable on or before December 14, 2028.

All payments as set forth above constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code, as amended, and it is further

ORDERED, that the above aforementioned payments stated are guaranteed and shall be paid by World Spice and/or its insurance carrier, The Hartford, whether or not the Infant Plaintiff is alive.  In the event that the Infant Plaintiff dies at any time prior to the receipt of all payments described as guaranteed, the balance of any guaranteed payments shall be paid to her Estate or to any such person she may so designate on attaining age of majority, and it is further

ORDERED, that the obligation of the defendant World Spice, and/or its insurance carrier, The Hartford, may be met by assigning to and arranging for an assumption by the Hartford Life Insurance Company ("Hartford") ("Assignee") of the defendant's and/or its insurance carrier's obligation to make the future periodic payments set forth herein, pursuant to Internal Revenue Code Section 130(c), and that the defendant, World Spice, and/or its insurance carrier, The Hartford, may fund the obligation assumed by the purchase of an annuity from Hartford, an "A" (excellent) A.M. Best rated insurer licensed to do business in the State of New York, and it is further

ORDERED, that defendant World Spice, and/or its insurance carrier, The Hartford, fund their obligation to make the periodic payments by purchasing an annuity policy from Hartford which shall be owned by Hartford pursuant to Internal Revenue Code Section 130(d), and it is further

ORDERED, that no part of the sum being paid by the defendant, World Spice, and/or its insurance carrier, The Hartford, to provide future periodic payments as set forth in this order may be paid directly to Plaintiffs, this Court having determined that a structured settlement is in the best interest of the Infant Plaintiff and that said periodic payments

4

constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended, and it is further

ORDERED, that David and Ashlee Allen, as parents of Xavier Allen, be, and they hereby are, directed, authorized and empowered to execute such releases and other ancillary documents reasonably required to effectuate the settlement, and it is further

ORDERED, that the parties execute any additional documents needed to effectuate the periodic payments, the Uniform Qualified Assignment and Release Agreement and the issue of the annuity policy by Hartford, and it is further

ORDERED, that upon making and receipt of all of the payments above directed in compliance with this order, set forth above, the defendants and their insurance carriers shall then be discharged from any and all responsibility as to the causes of action set forth in this action, and it is further

ORDERED, that following the Court's approval of the proposed settlement, and upon receipt by the Court of notice of the funding of the annuity, Infant Plaintiff shall be barred, pursuant to the terms of the settlement, from prosecuting claims with respect to any and all asserted and unasserted claims she had, has or may have in the future arising out of the purchase and consumption of Robert's American Gourmet Food, Inc.'s food products, against Robert's American Gourmet Food, Inc., Van de Vries Spice Corporation, Van de Vries Trading Corporation doing business as Atlantic Quality Spice & Seasoning, Keystone Food Products, Inc., and World Spice Inc., and their insurers, Peerless Insurance

Company, Liberty Mutual, Federal Insurance Company and The Hartford Insurance Company.

Dated: _____, 2009

                                                                                          _____
                                                                                          HONORABLE E. THOMAS BOYLE
                                                                                          Justice of the United States District Court

ENTERED: